OSKALOOSA STEAM-ENGINE WORKS v. POTTAWATTAMIE COUNTY.

1. **Bridges in Cities:** AUTHORITY OF COUNTY SUPERVISORS TO BUILD. Under subd. 18 of § 303 of the Code, the supervisors of a county have power to provide for the erection of all bridges which may be necessary for the public convenience within their separate counties, whether the same be within or without the limits of a city or incorporated town; (following *Bell v. Foutch*, 21 Iowa, 119;) and § 527 of the Code does not change the rule.

*Appeal from Cass Circuit Court.*

WEDNESDAY, JUNE 22.

THIS is an action upon alleged contracts made with the defendant to construct two bridges over Indian creek, in the the city of Council Bluffs; one of the said bridges being at the point where said creek crosses Seventh street, and the other at the point where it crosses Broadway street, in said city. One of the said bridges is fifty-six, and the other sixty, feet in length. The plaintiff avers that it constructed said bridges in all respects according to the terms of said contracts, and judgment is prayed for the amounts agreed to be paid therefor. The defendant, by its answer, averred that the said bridges were within the corporate limits of said city of Council Bluffs, and were built upon the streets of said city at their intersection with Indian creek, and that the city had the sole and exclusive control of said streets, and the exclusive right to construct and maintain a bridge or bridges on said streets, and that the county had no power or authority to bridge said creek at the intersection of said streets, and that said bridges were not across any state or county highway of said city, but were simply parts of said Seventh and Broadway streets, respectively, and united the several parts of said respective streets, and said bridges were for the use and behoof of the inhabitants of said city. There was a demurrer to the answer, which was overruled, and the plaintiff appeals.

*Wright, Baldwin & Haldane*, for appellant.

*W. H. Ware* and *J. H. Keatley*, for appellee.

ROTHROCK, J.— The demurrer to the answer was overruled upon the ground that the board of supervisors of the county had no power to bind the county by contracts to build the bridges in question. It is provided by subdivision 18 of section 303 of the Code, that the board of supervisors of a county shall have power "to provide for the erection of all bridges which may be necessary, and which the public convenience requires, within their respective counties, and to keep the same in repair." As the bridges in question are within the county, it would seem, under this power, that the board of supervisors had the authority to determine whether the public convenience required their construction, and to bind the county by a contract for the erection of the same. Unless there is some statutory limitation upon their power over the subject within the limits of the cities and towns of the county, there is no more reason for holding that a county may not build a bridge in a city or a town than that they may not do so in any other part of the county. Section 796 of the Code authorizes the board of supervisors to levy an annual tax of not less than three mills on the dollar "for making and repairing bridges." This tax is levied upon all the property of the county. If the board of supervisors had no power to use any part of this tax to build bridges across the streams in cities, the property owners in the cities would be required to pay a tax, no part of which could be expended in building bridges across streams which intersect the public streets of a city.

It is claimed that section 527 of the Code precludes the county from building the bridges in question. That section is as follows: "The city council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons within the city, and shall cause the same to be kept open and in repair, and free from

nuisances. All public bridges exceeding forty feet in length, over any stream crossing a state or county highway, shall be constructed and kept in repair by the county: provided, that the city council may appropriate a sum not exceeding ten dollars per lineal foot to aid in the construction of any county bridge within the limits of such city, or may appropriate a like sum to aid in the construction of any bridge contiguous to said city on a highway leading to the same."

It is claimed that, because the bridges in question are not " built over a stream crossing a state or county road," the board of supervisors has no power to bind the county by causing the same to be constructed. It is true that the cited section provides that such bridge shall be built by the county, and that the city within the corporate limits of which the bridge is erected may aid in the construction thereof. But this power does not preclude the county from exercising its authority to build bridges at other places where the public convenience may require. And these places may as well be in cities and upon streets as in the county. Counsel for the appellant argue this case as though these bridges were for the convenience of the inhabitants of Council Bluffs. In the larger cities of the state, where the inhabitants in some instances are more numerous than all the county outside the city, and where all the people of the county have occasion to travel the streets, as they do the county roads leading to them, public convenience requires that streams crossed by streets should be bridged the same as county roads; and cities have no power to levy a bridge tax. It seems to us that the question in this case was determined in the case of *Bell v. Foutch*, 21 Iowa, 119. It is true, section 527 of the Code is not in precisely the same language as the corresponding section in the Revision of 1860, under which that case was determined; but the change in the section, in our opinion, does not limit the general power.

We think the demurrer to the answer should have been sustained.   REVERSED.

SEEVERS, J., took no part in the decision of this case.